**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS     (1927-1950)
JOHN F. WHARTON    (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3061

WRITER'S DIRECT FACSIMILE
(212) 492-0061

WRITER'S DIRECT E-MAIL ADDRESS
cboehning@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE
JONATHAN S. KANTER
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY

BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW W. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
DAVID R. SICULAR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

July 9, 2020

**By ECF**

The Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 4H North
Brooklyn, New York 11201

> *Abrams, Fensterman, Fensterman, Eisman,*
> *Formato, Ferraro, Wolf & Carone LLP* v. *Valley Forge Insurance Company and CNA*
> *Financial Corporation*, **No. 1:20-cv-02941 (E.D.N.Y.)**

Dear Judge Hall:

We represent Defendants and write pursuant to your Individual Practice III.A to request a pre-motion conference. For the reasons set forth below, Defendants request permission to promptly move for dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Under Individual Practice III.A.3, service of this letter constitutes timely service of Defendants' motion to dismiss the Complaint.

This is an insurance coverage dispute arising out of the COVID-19 pandemic. Plaintiff, a law firm, alleges that its property insurance policy with Valley Forge

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable LaShann DeArcy Hall     2

Insurance Company ("Valley Forge") provides coverage for business interruption losses that Plaintiff claims it incurred due to restrictions imposed by the State of New York in order to promote social distancing and to slow the spread of the virus. Plaintiff also seeks coverage for losses that it claims to have sustained because certain of Plaintiff's employees tested positive for the virus, prompting Plaintiff to close its offices for cleaning. After Valley Forge denied Plaintiff's claim, Plaintiff filed this action seeking a declaration that the Policy provides coverage for the alleged losses.

Although COVID-19 has undoubtedly changed the daily practice of law in New York, there is no coverage for Plaintiff's alleged losses under the unambiguous terms of the Policy. For the reasons briefly discussed below, Plaintiff's claim fails on multiple grounds, all of which can be resolved on a motion to dismiss.

*First*, by its explicit terms, the Policy covers business income and extra expense losses *only* if those losses result from "direct physical loss of or damage to" the business personal property at Plaintiff's offices. New York courts have agreed that the policy language at issue—"direct physical loss or damage"—"unambiguously [ ] requires some form of actual, physical damage" for coverage to apply. *Newman Myers Kreines Gross Harris, P.C.* v. *Great N. Ins. Co.*, 17 F. Supp. 3d 323, 331 (S.D.N.Y. 2014); *Roundabout Theatre Co.* v. *Cont'l Cas. Co.*, 302 A.D.2d 1, 6 (1st Dep't 2002). Plaintiff has not alleged any such damage. *See Gavrilides Mgmt. Co.* v. *Michigan Ins. Co.*, Case No. 20-258-CB-C30 (Mich. Cir. Ct. July 1, 2020), *at* https://www.youtube.com/watch?v=Dsy4pA5NoPw&feature=youtu.be (dismissing a plaintiff's business interruption claim for alleged losses caused by the COVID-19 pandemic for failure to allege direct physical loss of or damage to its property).

*Second*, while the Complaint is unclear as to whether the coronavirus was present at Plaintiff's offices, even if Plaintiff *had* sufficiently alleged the virus's presence, the Complaint would still fail because Plaintiff cannot plausibly allege that COVID-19 tangibly altered its business personal property, as is required to trigger coverage under the Policy. *See Social Life Magazine, Inc.* v. *Sentinel Ins. Co. Ltd.*, No. 20 Civ. 3311 (VEC), Tr. at 4:25–5:4 (S.D.N.Y. May 14, 2020) (transcript of preliminary injunction hearing) (in action concerning alleged property damage caused by COVID-19, court held at oral argument: "There is no damage to your property. . . . [COVID-19] damages lungs. It doesn't damage printing presses."). While Plaintiff alleges that "COVID-19 physically infects and remains on surfaces of objects for up to twenty-eight days" (Compl. ¶ 18), according to CDC guidelines, "[c]oronaviruses on surfaces and objects naturally die within hours to days" and can be removed with "[n]ormal routine cleaning with soap and water" or killed with disinfectants. *See CDC Reopening Guidance for Cleaning and Disinfecting Public Spaces, Workplaces, Businesses, Schools, and Homes*, *at* cdc.gov/coronavirus/2019-ncov/community/reopen-guidance.html. The presence of a virus that can survive on surfaces for only a few hours or days and can be easily removed through ordinary cleaning or disinfectants is not "physical loss of or damage to" property required to trigger coverage. *See Mama Jo's, Inc.* v. *Sparta Ins. Co.*, No. 17-cv-23362-KMM, 2018 WL 3412974, at *9 (S.D. Fla. June 11, 2018) (finding no direct physical loss

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable LaShann DeArcy Hall     3

or damage where business remained functional but required additional cleaning, noting that "cleaning is not considered direct physical loss").

*Third*, Plaintiff has failed to state a plausible claim to civil authority coverage. Civil authority coverage applies when a governmental authority prohibits access to the insured's property due to "direct physical loss of or damage to" property at locations *other* than the insured premises.  For example, coverage may apply if a "building next door to [an insured] theater is damaged by fire; [and] for safety reasons, the civil authorities issue an order closing the [insured] theater during repairs to the adjacent building." *Syufy Enters.* v. *Home Ins. Co. of Indiana*, No. 94-0756 FMS, 1995 WL 129229, at *2 n.1 (N.D. Cal. Mar. 21, 1995).  This coverage does not apply to Plaintiff's claims because the Executive Order referenced in the Complaint did not prohibit access to any property; it merely directed non-essential businesses to reduce their in-person workforces.  Moreover, the Executive Order was not due to physical loss or damage at any property other than the insured premises; rather, it was due to the dangers that COVID-19 poses to human health.  Plaintiff therefore is not entitled to civil authority coverage under the Policy.

*Finally*, the Complaint is deficient because Plaintiff has failed to state any claim against Defendant CNA Financial Corporation ("CNAF").  Plaintiff is seeking a declaration concerning the scope of coverage under its Policy with Valley Forge.  CNAF is not a party to that contract, and CNAF owes no legal obligations to Plaintiff.  Because CNAF and Plaintiff are not in privity of contract, and because the Complaint states no facts in support of any non-contractual theory of liability, CNAF is not a proper party to this action.[1]

We are available to discuss these issues with the Court at Your Honor's convenience.

    Respectfully submitted,

    /s/ H. Christopher Boehning
    H. Christopher Boehning

cc:     Matthew Didora, Esq. (by ECF)

---

[1] CNAF has on three occasions alerted Plaintiff to the fact that it is not a proper party through letters and an email from counsel.  To date, Plaintiff has not responded.